UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Robert Lewis,

    Plaintiff,

  v.      10-3286

Thomas Ivey,
Michelle Saddler,
Larry Philips,
Shan Jumper,
Aimee Wilczynski,
Sandra Simpson,
Stephen Hansen,

    Defendants.

### Order on Petition to Proceed In forma Pauperis

    The plaintiff is being held at Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. He seeks leave to proceed *in forma pauperis* on his claims regarding an alleged unfair and inaccurate polygraph test, and events subsequent thereto.

    The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Accordingly, the court grants leave to proceed in forma pauperis only if at least one federal claim is stated.

    Federal Rule of Civil Procedure 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955. The court keeps in mind, however, that pro se pleadings are liberally construed. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The plaintiff alleges that, as part of his treatment, he took a polygraph examination to test the veracity of his account of his "predicate offense," the offense for which he was incarcerated. He alleges that the examiner, Thomas Ivey, told the plaintiff before administering the test that "his story was unbelievable, that no one would believe him, that he would not pass the polygraph examination, and that he would be stuck in treatment." (Complaint, ¶ 14). After the test, Ivey concluded that the plaintiff had been "practicing deception" when answering questions about his predicate offense. The plaintiff does not say, but the court presumes that progression in treatment is not possible, or at least more difficult, if a resident fails his polygraph test.

The plaintiff allegedly protested the examination results for several months, until Defendant Wilczynski, the plaintiff's primary clinical therapist, told him that there was a specific two-tier appeals process that he must use to challenge the results. Wilczynski allegedly gave the plaintiff an altered version of the document describing the appeal procedure. However, though one version is more detailed than another, the court sees no material difference in the versions as it relates to the plaintiff. (d/e 1, pp. 19-24). Both versions explain the steps that the plaintiff needed to take to appeal the polygraph results.

The first tier of the appeal process required the plaintiff to submit a written motion to reconsider to the Polygraph Review Committee, explaining why the PRC's decision was incorrect. The plaintiff did this, and he appeared at a brief hearing before the PRC Committee, where he was asked to specify what relief he sought. The PRC denied the plaintiff's motion for reconsideration, setting forth the basis for its decision. (d/e 1, pp. 34-35). The second tier of the appeal process allows for review of the polygraph results by an independent examiner of the plaintiff's choosing, at the plaintiff's expense. The exhibits attached to the Complaint suggest that the plaintiff took advantage of this second tier, but there is no indication of the result.

The plaintiff states no federal claim based on the defendants' decision to accept Ivey's conclusion that the plaintiff was lying about his predicate offense. The defendants, in the exercise of their professional judgment, may rely on polygraph tests as part of the plaintiff's treatment. *Allison v. Snyder*, 332 F.3d 1076 (7th Cir. 2003)("self-accusatory programs and polygraph machines are [not] forbidden when treating sex offenders"). If the results were to be used in court against the plaintiff to justify his continued detention, he could move to suppress them in that proceeding; that is his remedy. *Id.*, 332 F.3d at 1080. The plaintiff says that the examiner was biased and the test results false, but that does not state a constitutional claim. The defendants would be acting within their discretion if they had concluded that the plaintiff was not being truthful even without administering any polygraph. In any event, even if the plaintiff has some sort of liberty interest in an accurate polygraph for treatment purposes, the defendants have provided sufficient procedural due process for challenging the results. The plaintiff was

given an opportunity to state his reasons; the Committee stated its reasons for rejecting the plaintiff's position; and, the plaintiff was given an opportunity to obtain an independent review of the results by an examiner of his own choosing. For these same reasons, the plaintiff has no federal claim against Ivey for his allegedly biased administration of the polygraph test, even assuming that Ivey is a state actor subject to suit under 42 U.S.C. § 1983.

Nor is there a federal claim based on Defendant Wilcynski's alleged alteration of the appeals document, or in the appeals process itself. As the court noted above, the document that she did give him adequately told him how to use the appeals process, which he did. The other "unaltered" document gave more detail, but none of it was material to explaining to the plaintiff how to challenge the Committee's conclusions. Even if the plaintiff was entitled to some sort of procedural due process to challenge the accuracy of the test, he received it.

There is also no federal claim against Defendant Simpson for failing to respond to the plaintiff's grievances. There is no substantive constitutional right to a grievance procedure. *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, there is no underlying constitutional violation, so Simpson's failure to intervene could not be unconstitutional. The same goes for all the other defendants not directly involved in the PRC, such as Defendants Saddler and Phillips.

The plaintiff also alleges that Defendant Hansen "was assigned to conduct Penile Plethysmographs (PPG) and a subsequent Abel Assessment for Sexual Interest evaluation on the Plaintiff." (Complaint, ¶ 10). Hansen allegedly prepared a report in August, 2009, but did not tell the plaintiff that he had done so. In December, 2009, the plaintiff allegedly prepared an addendum to the report adding comments "which are clearly meant to have a negative impact on anyone reading them to assess the Plaintiff's readiness to re-enter society." (Complaint, ¶ 25). Hansen did not respond when the plaintiff asked him to justify the new comments.

The court can discern no federal claim against Hansen. There is no federal civil rights claim against someone for failing to do their job fairly or for preparing inaccurate reports. If the report is admitted in the plaintiff's SVP proceedings in state court, the plaintiff can challenge the report's accuracy then.

Lastly, the court sees no federal claim for the defendants' alleged refusal to provide a copy of the video or transcript of his polygraph examination. The attachments to the Complaint indicate that those results can be obtained from the examiner, and the results were presumably available to the independent examiner in the tier 2 appeal. In any event, the plaintiff's alleged right to his treatment records is based on state administrative law, which does not make out a federal claim.

IT IS THEREFORE ORDERED that the plaintiff's petition to proceed in forma pauperis is denied (d/e 2) because he fails to state a federal claim for relief. All pending motions are denied as moot, and this case is closed.

If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this

3

court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 18th Day of November, 2010.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE